## Ashton
## v.
## AMG Industries, Inc.
*[Cite as 3 AOA 123]*

*Case No. 89-CA-41*
*Knox County, (5th)*
*Decided May 23, 1990*

*David M. Deutsch, E.S. Gallon & Associates, 1100 Miami Valley Tower, Dayton, Ohio 45402, for Plaintiffs-Appellants.*

*James Sweeney, 1501 Euclid Avenue, Cleveland, Ohio 44115; Mark McCarthy, 1100 Huntington Bldg., 925 Euclid Avenue, Cleveland, Ohio 44115,* *James K. Reuss, Jeffrey J. Jurca, Lane, Alton & Horst, 175 S. Third Street, Columbus, Ohio 43215; William Christensen, 21 East Frankfort St., Columbus, Ohio 43206, for Defendants-Appellees.*

MILLIGAN, J.

Plaintiff-appellant lost three fingers and had a fourth finger crushed when the power press she was operating closed on her hand.

She claimed her employer, AMG Industries, Inc., committed an intentional tort when it designed and set up a metal forming system that required her to "reach inside a pinch point twice on every part made." Fifth Amended Complaint, section 4.

She further alleged product liability claims against: "The E. W. Bliss Co., manufacturer of the press component; Positive Safety Manufacturing Co., manufacturer of the pullback guarding component; and Nelson Tool Co., manufacturer of the die component."

The Knox County Common Pleas Court granted summary judgment in favor of AMG, Bliss, and Nelson, and continued the trial against the remaining defendant, Positive Safety, pending this interlocutory appeal. See Civ. R. 54(B).

(While four other defendants were dismissed from the law suit, plaintiff appeals only the judgment in favor of AMG, Bliss, and Nelson.) She assigns four errors:

"ASSIGNMENT OF ERROR NO. I
"THE TRIAL COURT COMMITTED ERROR BY SUSTAINING E.W. BLISS COMPANY'S MOTION FOR A PROTECTIVE ORDER.

"ASSIGNMENT OF ERROR NO. II
THE TRIAL COURT COMMITTED ERROR BY SUSTAINING E.W. BLISS COMPANY'S MOTION FOR SUMMARY JUDGMENT.

"ASSIGNMENT OF ERROR NO. III
THE TRIAL COURT COMMITTED ERROR BY SUSTAINING NELSON TOOL AND DIE COMPANY'S MOTION FOR SUMMARY JUDGMENT.

"ASSIGNMENT OF ERROR NO. IV
THE TRIAL COURT COMMITTED ERROR BY SUSTAINING AMG'S INDUSTRIES (SIC) MOTION FOR SUMMARY JUDGMENT."

The Bliss power press, manufactured in 1959, consists of a bed, ram, and activating mechanism. It forms metal by incorporating a

die. One-half of the die attaches to the ram of the press and the other to the bolster or bed of the press. When the press in engaged by the activating system, the two halves of the die come together forming the metal in the desired configuration. The point where the two die halves come together is known as the "point of operation."

Appellant's injury occurred when she unintentionally activated the metal forming system as she was reaching into the point of operation and the Possen Pullback failed to remove her hand before the press engaged. Appellant's Brief, page 25.

To operate the press, she was required to:

"1) operate a switch that electrically fed metal coil into the die;

"2) step on an electric foot switch which engaged the press once;

"3) reach into the die and move the partially finished metal strip from the back station of the die to the front station.

"4) feed a second piece of metal coil into the back station and engage the switch again;

"5) finally, extract the finished piece from the front station, reaching into the back station to move the partially finished piece from the back to the front, and starting over."

She operated the press utilizing a safety provision called Possen Pullbacks which consists of bands or bracelets that attach to the operator's wrists and pull the operator's hands from the point of operation when the metal forming system is activated.

At some point between 1956 and 1985, AMG replaced the Bliss mechanical activation system with a Rockford pneumatic-electric activation system. Harmer deposition, at 9. This modification cut off the mechanical treadle of the Bliss power press and installed a pneumatic cylinder, mechanical linkage activated by an electric foot switch. Freeland affidavit, at 14-18. The newly installed electric foot switch required substantially less foot pressure to activate than the original mechanical treadle. *Id.*, at 16.

### I

On June 28, 1989, appellant requested by its fifth set of interrogatories: "Has this defendant had legal action or consumer claims presented to it by persons alleging injury occurring in the point of operation while operating a mechanical power press machine manufactured by this defendant?" The interrogatory goes on to ask names, dates, and the nature of the injuries, facts of the accident, identities of counsel, and case numbers.

On August 28, 1989, Bliss moved for a protective order regarding this fifth set of interrogatories.

On September 12, 1989, appellant submitted a motion contra to Bliss' motion for protective order.

On September 25, 1989, the trial court granted Bliss' motion for summary judgment following oral argument.

Appellant claims that the fifth set of interrogatories request substantially the same discovery information as prior interrogatories. She claims because the trial court denied her motion to compel answers to the prior interrogatories, it in effect granted a protective order as to the fifth set of interrogatories. We do not agree.

Summary judgment for defendants effectively overruled the motion for protective order. The motion was overruled *sub silentio*.

Appellant's first assignment of error is overruled.

### II

One who sells any product in a defective condition and reasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or his property, if:

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change and condition in which it was sold.

*Temple v. Wean United, Inc.* (1977), 50 Ohio St. 2d 317, syllabus 1, 364 N.E. 2d 267.

Reviewing the record, we find no evidence to support a finding that the Bliss press was defective or unreasonably dangerous for its intended use. See *Temple*, supra.

Appellant's second assignment of error is overruled on the authority of *Temple v. Wean United, supra.*

### III

We find nothing inherently dangerous or defective about the Nelson die when utilized for its intended use nor do we find a duty to warn:

"[T]he obligation that generates the duty to warn does not extend to the speculative anticipation of how manufactured components, not in and of themselves dangerous or defective, can become potentially dangerous dependant upon the nature of the integration into a unit designed and assembled by another."

*Temple v. Wean United, Inc* (1977), 50 Ohio St.2d 317, 324, 364 N.E.2d 267.

Nelson designed one component part of the system, the die, based on specifications provided by AMG.

Appellant's third assignment of error is overruled.

### IV

Appellant claims AMG is liable in intentional tort by the intentional refusal to adopt the safety procedures that could have prevented appellant's injuries.

Appellant's fourth assignment of error is overruled on the authority of *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489; and *Pariseau v. Wedge Products, Inc.* (1980), 36 Ohio St.3d 124, 522 N.E.2d 511.

The judgment of the Knox County Common Pleas Court is affirmed.

*Judgment affirmed.*

PUTMAN, P.J., and HOFFMAN, J., concur.